IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ken Elliott Olsen,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Respondents. | CIV 07-00052-TUC-FRZ (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner, Ken Elliott Olsen, who is presently confined in the Cook Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 9), and Petitioner's Traverse to the Answer ("Traverse") (Doc. No. 12). The Magistrate Judge recommends that the District Court deny the Petition.

//

//

//

//

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 30, 2003, officers pulled over a car driven by Taushia Edwards. (Answer, Ex. A, pgs. 3-4.)[1] Petitioner was a passenger in that car. The officers proceeded to search the car and found a tin with nine packages of methamphetamine, a half-full can of beer, and a hypodermic needle, all beneath the seat where Petitioner had been sitting. (Answer, Ex. A, pg. 5.) Police also searched Petitioner's person and found a book containing names of known methamphetamine addicts.

Petitioner was subsequently arrested and charged with: (1) possession of methamphetamine for sale, a class-2 felony; (2) possession of drug paraphernalia, a class-6 felony; and (3) possession of drug paraphernalia to facilitate the sale of drugs, a class-6 felony.

Petitioner filed two motions in limine. In the first motion, Petitioner sought to preclude the State from referring to his book as a "drug ledger." In the second, Petitioner sought to preclude the State from introducing evidence that he was seen packaging methamphetamine two weeks prior to the event in question. At the hearing on the motions, Petitioner also sought to exclude evidence that he had previously sold Ms. Edwards methamphetamine and that, on the day of his arrest, he had "fronted" her some methamphetamine. The court denied the motions as to the selling and the fronting of methamphetamine, finding the evidence admissible to show Petitioner's "intent, preparation, and knowledge," under Rule 404(b), Ariz. R. Evid. However, the trial court did find the evidence regarding the packaging of methamphetamine two weeks prior to be inadmissible because of its prejudicial effect, remoteness in time, and lack of connection. (Answer, Ex. A, pg. 3.)

A jury convicted Petitioner of all three counts. The trial judge then sentenced Petitioner to an aggravated prison term of 6.5 years for Count 1, a 52-day prison term for

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." The facts stated herein are taken from the Arizona Court of Appeals Memorandum Decision dated November 13, 2006, unless otherwise stated.

- 2 -

Count 2, and a 1.5-year prison term, which the court classified as the presumptive term, for Count 3.

In November 2006, Petitioner appealed his convictions and sentences to the Arizona Court of Appeals. He raised two arguments.

1. The trial court erred by permitting the introduction of evidence of numerous prior acts in violation of Ariz. R. Evid. 404(b), including evidence that:
   a. Petitioner previously sold methamphetamine to Ms. Edwards;
   b. Petitioner "fronted" Ms. Edwards a small amount of methamphetamine on the day of his arrest; and
   c. Petitioner engaged in prior methamphetamine transactions as recorded in Petitioner's book/"drug ledger."
2. The trial court erred in sentencing Petitioner on Count 3 because the 1.5-year term was not the presumptive term the court intended to impose.

(Answer, Ex. B, pgs. 16-24.)

The Arizona Court of Appeals affirmed the convictions and sentences for Counts 1 and 2, and modified the sentence for Count 3 to conform with the court's oral pronouncement of the one-year presumptive term of imprisonment. Petitioner did not seek review by the Arizona Supreme Court.[2]

On January 29, 2007, the Petitioner filed his Petition for Writ of Habeas Corpus in federal court. In his Petition, Petitioner presents one claim for relief: Petitioner was denied his Sixth and Fourteenth Amendment rights when the trial court admitted evidence of other crimes, wrongs, or acts. (Petition, pg. 5.)

Respondents contend that the Petition should be denied on the grounds of failure to exhaust state court remedies because Petitioner failed to: (1) present the claims to the

---

[2] In his Petition for Writ of Habeas Corpus, Petitioner claims that he filed a Petition for Post-Conviction Relief with the Greenlee County Superior Court, and that his claim was denied. Respondents do not address this in their Answer. This Court has confirmed with the Greenlee County Superior Court that Petitioner filed a Petition for an Extension of Time, which was granted, but he did not subsequently file the Petition for Post-Conviction Relief.

- 3 -

Arizona Supreme Court and (2) present his claims as federal claims in state court. (Answer, pgs. 5-8.)

In his Traverse, Petitioner argues that Arizona prisoners do not have to present their claims to the Arizona Supreme Court in order to exhaust state court remedies. (Traverse, pgs. 1-3.) He also contends that he presented his federal claims in state court because the state court relied on state law that in turn relied on federal law. (Traverse, pgs. 4-5.)

## **DISCUSSION**

The Magistrate Judge concludes that Petitioner was not required to present his claims to the Arizona Supreme Court; however, Petitioner failed to exhaust his state court remedies because he did not originally present his claims as federal issues. Accordingly, the Magistrate Judge recommends that the Petition be denied.

**A.   Exhaustion Principles**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect the state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them in state court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will

be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); and *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.     Failure to Present the Claim to the Arizona Supreme Court**

Respondents contend that Petitioner has failed to exhaust his state court remedies because he did not raise his claim to the Arizona Supreme Court through the available option of a petition for review. In *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (1999), the Ninth Circuit held that, in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." There is no dispute that Petitioner met the exhaustion requirements described in *Swoopes* by appealing the trial court's adverse ruling to the Arizona Court of Appeals. Respondents, however, suggest that *Swoopes* was incorrectly decided and has been implicitly overruled by more recent case law. In support of their argument, Respondents cite *Baldwin v. Reese*, 541 U.S. 27 (2004).

In *Baldwin*, the Supreme Court addressed the question of what constitutes notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In laying the groundwork for its decision, the Supreme Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly

1 present' his claim in each appropriate state court (including a state supreme court with
2 powers of discretionary review), thereby alerting that court to the federal nature of the
3 claim." 541 U.S. at 29 (citations omitted). Respondents assert that this statement supports
4 a finding that *Swoopes*, at least insofar as it denies the need for habeas petitioners to seek
5 review in a the highest state court, is no longer valid.

6       This reading of *Baldwin* is too limited. *Swoopes* was decided on remand to the Ninth
7 Circuit for reconsideration in light of the Supreme Court's decision in *O'Sullivan v. Boerckel*,
8 526 U.S. 838 (1999). In *Swoopes*, the Ninth Circuit, just like the *Baldwin* court, began by
9 reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion
10 requirement for federal habeas relief, state prisoners must file for discretionary review in a
11 state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196
12 F.3d at 1009. The court recognized, however, that the Supreme Court in *O'Sullivan* had
13 "acknowledged an exception to the exhaustion requirement," by making it clear the "'the
14 creation of a discretionary review system does not, *without more*, make review' in a state
15 supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009 (quoting *O'Sullivan*, 526 U.S. at
16 839) (emphasis added in *Swoopes*). The Ninth Circuit proceeded to review Arizona's
17 discretionary review system and found considerations that compelled a finding that, in other
18 than capital cases, appeal to the Arizona Supreme Court was unnecessary. Specifically, the
19 court concluded that two Arizona cases, *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154
20 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), made it clear that, "in cases
21 not carrying a life sentence or the death penalty, review need not be sought before the
22 Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 Ariz. at 1010.
23 Thus, the court concluded, "post-conviction review before the Arizona Supreme Court is a
24 remedy that is 'unavailable' within the meaning of *O'Sullivan*." *Baldwin* does not clearly
25 conclude that this analysis is flawed.

26       Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth Circuit
27 continues to cite the case for the proposition Respondents suggest was overruled. In *Castillo*
28 *v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court repeated the principle that "[i]n cases

- 6 -

1 not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are
2 exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on
3 them.'" *Id.* at 998 n. 3, quoting *Swoopes*, 196 Ariz. at 1010.  At least one other circuit has
4 also cited *Swoopes* for this proposition without questioning its continuing validity.  *See*
5 *Lambert v. Blackwell,* 387 F.3d 210 (3rd Cir. 2004).

6       Consequently, the Magistrate Judge concludes that Petitioner exhausted his state court
7 remedies to the extent that he properly presented his claim to the Court of Appeals for
8 review.

9 **C.**  **Failure to Present the Federal Claim in the State Courts**

10       Although Petitioner presented his claim on direct review, he failed to argue that claim
11 based on federal law.  In his Petition, Petitioner alleges that his Sixth and Fourteenth
12 Amendment rights were violated when the trial court admitted evidence of other crimes,
13 wrongs, or acts.  On direct review, however, Petitioner argued to the Court of Appeals that
14 the evidence was wrongly admitted under Rule 404(b), Ariz. R. Evid.  Nevertheless,
15 Petitioner claims that he sufficiently presented his federal claims in state court because the
16 state court based its decision on state law that relies on federal law.  (Traverse, pg. 4.)

17       To properly exhaust state remedies, the petitioner must "fairly present" his claims to
18 the state's highest court in a procedurally appropriate matter.  *O'Sullivan*, 526 U.S. at 848.
19 A claim is "fairly presented" if the petitioner has described the operative facts and the federal
20 legal theory on which his claim is based so that the state courts have a fair opportunity to
21 apply controlling legal principles to the facts bearing upon his constitutional claim.
22 *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard*, 404 U.S. at 277-78 (1971).  Resolving
23 whether a petitioner has fairly presented his claim to the state court is an intrinsically federal
24 issue to be determined by the federal court.  *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir.
25 1995); *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994).  Commenting on the
26 importance of fair presentation, the U.S. Supreme Court has stated:

27             If state courts are to be given the opportunity to correct alleged
            violation of prisoners' federal rights, they must surely be alerted to the
28             fact that the prisoners are asserting claims under the United States

- 7 -

> Constitution. If a habeas prisoner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curium). Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus has not exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law. *See, e.g.*, *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required to present federal claim) and *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In state court, Petitioner alleged facts which form the bases of his claim, but presented the claim as a violation of state evidentiary law. (Answer, Ex. A, pg. 16). Petitioner failed to make any reference to the U.S. Constitution, a federal statute, or a federal case. Consequently, the state court was not alerted to a federal claim. Because Petitioner's federal claim was not fairly presented in state court, it remains unexhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Petitioner does not allege.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review, enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CIV 07-00052-TUC-FRZ**.

1   The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
2   and counsel for Respondents.
3   DATED this 24th day of March, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge